## In re LOUISVILLE DAILY NEWS & ENQUIRER.
### No. 11632.

District Court, W. D. Kentucky.

Sept. 15, 1937.

S. J. Stallings, of Louisville, Ky., for claimant.

Woodward, Dawson & Hobson, of Louisville, Ky., for trustee.

Garner M. Petrie, of Louisville, Ky., for wage earners.

HAMILTON, District Judge.

This case is before me on a petition for review of referee's order disallowing the claim of Leo C. Miller as preferred under the mechanic's lien statute of the commonwealth of Kentucky.

The bankrupt, Louisville Daily News & Enquirer, a Kentucky corporation, leased from the Crutcher Garage, also a Kentucky corporation, a building at Brook and Main streets, Louisville, Ky., and installed therein a heavy printing press, which required a reconstruction of a part of the building and a concrete foundation for the press support. The claimant, Leo C. Miller, reconstructed the building, put in the concrete supports and set the press thereon by fastening it with removable bolts, and also made necessary water, light, and power

connections. The press was removable without damage to the realty.

The bankrupt failed to pay Miller, and he filed a mechanic's lien for $2,791.12 on the real estate and printing press in the proper office, as provided under sections 2463 and 2466 of Carroll's Kentucky Statutes. The pertinent parts of the statute are as follows:

"Section 2463—A person who performs labor or furnishes materials in the erection, altering or repairing a house, building or other structure, or for any fixture or machinery therein, * * *, or for the improvement in any manner of real estate by contract with, or by the written consent of, the owner * *, * shall have a lien thereon, and upon the land upon which said improvements shall have been made or on any interest such owner has in the same, to secure the amount thereof with cost."

"Section 2466—If the labor be performed or the materials furnished by contract with the lessee of real estate for a term of years, and if, before the expiration of the term by lapse of time the lessee's interest therein shall, from any cause, become forfeited to the lessor, or shall be surrendered to him, and if the lessor shall refuse to pay for the same, the person performing the work or furnishing the materials shall have the right to remove the same from the leased premises, if it can be done without material injury to any previous improvement on said leased premises."

The indebtedness to Miller remained unpaid at the date of bankruptcy, and he filed his claim in these proceedings, seeking to enforce a lien on the printing press. The referee rejected the claim as preferred, and the matter is here on petition for review.

The printing press was sold by the trustee under an order that lien claims, if any, would attach to the proceeds of sale.

The referee found as a matter of law that the statutes of the commonwealth of Kentucky on which the claimant relied did not extend to machinery and equipment not a part of the realty.

The Court of Appeals of Kentucky has written no opinion construing the statute here involved on any state of facts similar to those here under consideration; and so far as this court is concerned it is a case of first impression.

A mechanic's lien has been defined as a claim created by law for the purpose of securing priority of payment of the price or value of work performed and materials furnished in erecting or repairing a building or other structure, and as such attaches to the land as well as buildings and improvements erected thereon. Van Stone v. Stillwell & Bierce Mfg. Co., 142 U.S. 128, 12 S.Ct. 181, 35 L.Ed. 961.

Such liens were clearly defined and regulated in the civil law, but found neither life nor vitality in the common law or equity. The right in Kentucky is purely statutory and, unless the facts bring the claimant reasonably within the terms of the statute, no lien exists.

Before a person is entitled to a lien under the statute, he must show he performed labor or furnished material in the erection or repair of the structure, or labored upon or furnished fixtures or machinery for use in connection therewith. The true test is the intent to permanently incorporate and use the machinery in the building.

The language employed in the statute, taken literally, would mean any machinery placed inside the structure, or work or labor done on it. However, when we take into consideration the purpose of mechanic's lien laws, the statute is not to be so literally construed. The law was meant to protect and favor those who actually worked on, or contributed labor or material to, the construction, improvement, or repair of a building or other structure, thereby permanently enhancing its value. It was not intended to apply to personalty in no way attached to or used in connection with the building or structure.

The printing press, to which it is here sought to attach the lien, had no connection with the building, was in no sense a part of it, and was not to be so used. Labor and material, when once used, lose their value to the laborer or materialman, and neither can be repossessed. They enhance the value of the property and usually are difficult of separation. Machinery and equipment, though used in a building, are not necessarily a part of it, and may be moved from place to place regardless of the structure in which temporarily located. The claimant here did nothing to enhance the value of the printing press, and it was in no way an instrument by which his work was performed. Its connection with the building was negligible, being bolted to the floor.

Where machinery or equipment is permanently incorporated with the use to which the building is to be put and is to be associated with said use of the structure, such as elevators, furnaces, boilers, and dynamos, it becomes a part of the realty and is within the mechanic's lien statute of the commonwealth of Kentucky. Where the machinery or equipment is not permanently incorporated with the use to which the building is to be put, but is used in the conduct of some manufacturing or other business carried on within the building, such as printing presses, typewriters, washing machines, electric motors, electric fans, ironers, mangels, and pressers, it is not a part of the realty and not within the mechanic's lien statute. It would be a distortion of the purpose of the mechanic's lien statute to so construe it as to include machinery or equipment brought on to the premises but in no way permanently connected with the building or its use.

As I have heretofore stated, no mechanic's lien could be asserted under the common law. Being purely a creature of statute, except where civil law prevails, decisions of other courts interpreting mechanic's lien statutes of their respective states are not helpful because of a lack of similarity to the Kentucky statute with which we are dealing. The attorneys for the respective parties have cited numerous decisions construing mechanic's lien statutes, but I am disregarding them for the reason above stated.

The petition for review will be denied.