In the Matter of **HEAT 'N' EAT
BRANDS, INC., Bankrupt.**
**Bankr. No. 19197.**

United States District Court
W. D. Kentucky,
Louisville Division.
July 9, 1959.

Fred M. Goldberg, Louisville, Ky., for trustee.

Gerald Kirven, Louisville, Ky., for claimant Bob Smith Co.

Michael J. Clare, Louisville, Ky., for claimant Hope Machine Co.

Theo. Bates, Louisville, Referee in Bankruptcy.

BROOKS, District Judge.

This case is submitted to review an order of the Referee allowing Hope Machinery Company, Incorporated, a preferred claim based on a mechanic's and materialmen's lien filed pursuant to KRS 376.010.

The bankrupt, Heat 'N' Eat Brands, Inc., engaged in the business of processing and manufacturing meat products, purchased an automatic filling and conveying machine from the claimant for use in its business, and this machine was assembled and installed by the claimant in a building leased to the bankrupt. The machine had electricity, water and steam connections and was bolted to the floor of the building to prevent vibration. It was removable without damage to either the machine or the building and after bankruptcy was removed and sold by the trustee under an order whereby claimant's lien, if any, would attach to the proceeds of the sale.

The issue here is whether the Referee correctly held that this automatic filling and conveying machine installed by the claimant on premises leased to the bankrupt and which was removable without damage to the machine or the premises is subject to the mechanic's and materialmen's lien provided by Kentucky statute.

KRS 376.010 provides in part:

"Any person who performs labor or furnishes materials for the erection, altering or repairing of a house or other structure or for any fixture or machinery therein, for the excavation of cellars, cisterns, vaults, wells or for the improvement in any manner of real property * * * by contract with, or by the written consent of, the owner, * * * shall have a lien thereon, and upon the land upon which the improvements were made or on any interest the owner has therein, to secure the amount thereof with cost. * * *"

This statute has not been construed by the Court of Appeals of Kentucky where similar facts were involved, but the claimant and trustee both rely upon their interpretation of the opinion by Judge Hamilton in In re Louisville Daily News & Enquirer, D.C., 20 F.Supp. 465, 466. In the course of that opinion it is stated:

"Before a person is entitled to a lien under the statute, he must show he performed labor or furnished material in the erection or repair of the structure, or labored upon or furnished fixtures or machinery for use in connection therewith. The true test is the intent to permanently incorporate and use the machinery in the building.

"The language employed in the statute, taken literally, would mean any machinery placed inside the structure, or work or labor done on it. However, when we take into

consideration the purpose of mechanic's lien laws, the statute is not to be so literally construed. The law was meant to protect and favor those who actually worked on, or contributed labor or material to, the construction, improvement, or repair of a building or other structure, thereby permanently enhancing its value. It was not intended to apply to personalty in no way attached to or used in connection with the building or structure. * * *

"Where machinery or equipment is permanently incorporated with the use to which the building is to be put and is to be associated with said use of the structure, such as elevators, furnaces, boilers, and dynamos, it becomes a part of the realty and is within the mechanic's lien statute of the commonwealth of Kentucky. Where the machinery or equipment is not permanently incorporated with the use to which the building is to be put, but is used in the conduct of some manufacturing or other business carried on within the building, such as printing presses, typewriters, washing machines, electric motors, electric fans, ironers, mangels, and pressers, it is not a part of the realty and not within the mechanic's lien statute. It would be a distortion of the purpose of the mechanic's lien statute to so construe it as to include machinery or equipment brought on to the premises but in no way permanently connected with the building or its use."

The leased building was not constructed for a single specialized purpose but the claimant argues that since it was altered to make it more suitable for the manufacturing machinery that was installed to enable the bankrupt to conduct its food processing business, the equipment was "permanently incorporated with the use to which the building is to be put" and therefore is within the mechanic's lien statute.

To accept this position, however, would improperly extend the holding of In re Louisville Daily News and Enquirer. Judge Hamilton's opinion discloses that the phrase "permanently incorporated with the use to which the building is to be put" has reference to fixtures employed in the actual operation of the building itself and not to machinery or equipment for use in a particular business that might be conducted within the building. This is shown by the distinction made in the opinion between "elevators, furnaces, boilers and dynamos," which equipment clearly is a permanent and integral part of a structure and necessary for its proper functioning, and "printing presses, typewriters, washing machines, electric motors, electric fans, ironers, mangels and pressers," which obviously are machinery and equipment brought into a building for use in conduct of a business carried on within it.

KRS 376.010 is a beneficent statute enacted for the encouragement of building mechanics and materialmen. Egyptian Supply Co. v. Boyd, 6 Cir., 117 F.2d 608. The principle upon which the mechanic's lien rests is that of unjust encouragement. Piedmont & George's Creek Coal Co. v. Seaboard Fisheries Co., 254 U.S. 1, 9, 41 S.Ct. 1, 65 L.Ed. 97. One of the basic reasons for preferment of building mechanics and materialmen is that generally their labor and materials have been so incorporated in the realty that they are placed beyond recovery or repossession, but this does not apply to a manufacturer or dealer who supplies an appliance or machine which never loses its identity or becomes an integral and necessary part of the building. See Steele & Lebby v. Flynn-Sullivan Co., 245 Ky. 772, 780, 54 S.W.2d 325.

The automatic filling and conveying machine which is the subject of this litigation was personal property purchased by the bankrupt for its own use in its manufacturing business conducted within the building it had leased. It was in no way associated with the operation of the building itself, and although at--

tached to the realty, it never lost its identity or became an integral and necessary part of the leased premises. It was a trade fixture designed for the purpose of trade and was installed by the claimant for the sole use and benefit of the bankrupt in the conduct of the business of the bankrupt. As a trade fixture it remained personalty and could be removed by the bankrupt at any time during tenancy or at the expiration of the leasehold. Wiggins Ferry Co. v. Ohio & M. Railway, 142 U.S. 396, 416, 12 S.Ct. 188, 35 L.Ed. 1055. There could be no intention on the part of the claimant or anyone else that this manufacturing machine should become a part of the realty and permanently enhance the value of the building that was only under lease to the bankrupt. See Bank of Shelbyville v. Hartford, 268 Ky. 135, 104 S.W.2d 217.

The order of the Referee giving preference to the claim of Hope Machinery Company is set aside by an order this day entered.