278 F.2d 488
 Matter of HEAT 'N' EAT BRANDS, INC., Bankrupt.
Robert A. SMITH, d/b/a Bob Smith and Company, Appellant,
v.
J. K. SCOGGAN, Trustee of Heat 'N' Eat Brands, Inc., Bankrupt, Appellee.
 No. 14058.
 United States Court of Appeals Sixth Circuit.
 May 11, 1960.
 
 Gerald Kirven of Middleton, Seelbach, Wolford, Willis & Cochran, Louisville, Ky., for appellant.
 Fred M. Goldberg, of Tachau & Goldberg, Louisville, Ky., for appellee.
 Before McALLISTER, Chief Judge, and CECIL and O'SULLIVAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 In a proceeding before the Referee in Bankruptcy for the Western District of Kentucky, appellant creditor filed a claim, asserting a mechanic's lien against premises leased by the bankrupt. The lien was claimed by virtue of the sale of a boiler, sold by the creditor and installed in the leased premises. After hearing, the Referee in Bankruptcy filed Conclusions of Law, appearing in his Certificate on Review, in which he held that the boiler became part of the building leased by the bankrupt; that the boiler, together with the realty, was properly described in the mechanic's lien filed by the creditor; and that the bankrupt's interests in the realty and in the boiler were subject to a mechanic's lien under Kentucky law, as provided in Kentucky Revised Statutes 376.010.
 
 
 2
 The boiler, being detached from the realty by agreement between the Trustee in Bankruptcy, the owner of the realty, and the lien claimant, was sold pursuant to an order in the bankruptcy proceeding, whereby the claimed lien was transferred to the proceeds of sale. The Referee, accordingly, concluded that the claimant's lien on the boiler was transferred to the proceeds of the sale thereof and overruled the Trustee's objection to the allowance of the claim as a secured claim.
 
 
 3
 On review, the District Court remanded the claim to the Referee for findings determining whether the boiler was a permanent part of the leased building in which it was installed, or whether it was a trade fixture.
 
 
 4
 On remand, the Referee found in amended findings of fact, that the boiler was not a permanent part of the leased building in which it was installed. In amended Conclusions of Law, the Referee held that the boiler, being a trade fixture, was not subject to the provisions of Kentucky Revised Statutes 376.010.
 
 
 5
 On review of the decision of the Referee after remand, the District Court held that, since the boiler was a trade fixture, the prior order of the Referee giving preference to the lien claimant was erroneous; and accordingly, the Court set aside such order and adjudged the claim to be an unsecured claim against the bankrupt's estate, on the authority of its prior decision in the case of In the Matter of Heat 'N' Eat Brands, 174 F.Supp. 598. From this decision of the District Court, the creditor appeals.
 
 
 6
 Some boilers become permanent parts of the realty in which they are installed; others do not. It depends upon the nature of their installation, and their use, in the building. The boiler, in this case, according to the findings of the Referee, was not a permanent part of the leased building. In the light of the record before us, this finding of the Referee was not clearly erroneous. As above mentioned, the Referee concluded, as a matter of law, that the boiler was a trade fixture.
 
 
 7
 The District Court sustained the holding of the Referee that the boiler did not become a permanent part of the leased building, but was a trade fixture, and was not subject to a mechanic's lien. In this conclusion, we find no reversible error. See: In the matter of Heat 'N' Eat Brands, D.C., 174 F.Supp. 598; In re Louisville Daily News & Enquirer, D.C.W.D.Ky., 20 F.Supp. 465.