STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, Appellant,

v.

E. T. TRAUTWEIN, Appellee.

Court of Appeals of Kentucky.

March 24, 1967.

Rehearing Denied June 2, 1967.

John G. Crutchfield, Jones, Ewen & Mackenzie, Louisville, for appellant.

Richard M. Trautwein, Rubin & Trautwein, Louisville, for appellee.

JOHN J. WINN, Special Commissioner.

The plaintiff, E. T. Trautwein, had just completed constructing a four-unit apartment building. Vandals or thieves forcibly entered three of the units by jimmying the entrance doors. The fourth unit had already been rented and its entrance door was not locked. An air conditioning unit had been permanently installed in each apartment by Trautwein and these units were removed and carried off by a person or persons whose identity has never been discovered.

It is agreed that the replacement value of the air conditioners is $648.00 and that other damage to the apartments amounted to $194.50. Trautwein sued the State Automobile Mutual Insurance Company claiming that his total loss was covered by his insurance policy with that company. The case was submitted by agreement for summary judgment on the respective motions of the litigants. The trial court awarded Trautwein the full amount of the loss and this appeal is from that judgment.

The policy contained a "Vandalism and Malicious Mischief Endorsement," which in its pertinent part reads as follows:

"1. In consideration of the premium for this coverage shown on the first page of this policy, and subject to the provisions of this policy of fire insurance and the Extended Coverage Endorsement attached thereto and of this endorsement, the coverage under said Extended Coverage Endorsement is hereby extended *to include direct loss to the described property by Vandalism and Malicious Mischief.*

"2. The term *'Vandalism and Malicious Mischief'* as used herein is restricted *to and includes only wilful and malicious physical injury to or destruction of the described property.*

"3. When this endorsement is attached to a policy covering direct loss to the described property, this Company shall not be liable under this endorsement for any loss

(a) * * *

(b) *by pilferage, theft, burglary or larceny, except loss by wilful and malicious physical injury to or destruction of a building described and insured hereunder."* (All Emphasis Ours)

The sole question to be decided is whether or not all or any of claimant's loss was covered by the policy. The facts are not in dispute since the only testimony in the case is the deposition of E. T. Trautwein taken by the company. According to this testimony an opening in the wall of each apartment was provided for

the permanent attachment of a sleeve and an air conditioner was placed in this sleeve and fastened by screws and a rubber seal. The air conditioners were intended to remain permanently fixed in place. They could not be removed without considerable force and probable damage to the sleeves and the sleeves could not be removed without serious damage to the walls. These air conditioners were fixtures and part of the building insured by appellant. Doll v. Guthrie, 233 Ky. 77, 24 S.W.2d 947. As pointed out in the opinion rendered by the trial judge, malice may be presumed from the unlawful act itself. Had these trespassers merely damaged or destroyed the air conditioners without carrying them off, malice still would have to be presumed because it would be unreasonable to require that some particular personal animosity of the unknown predators against the owner be proven to exist before recovery could be had· on the policy. There can be no doubt that theft was the purpose of the burglars and that they did steal the property of the insured. It is equally certain that the insured realty, of which the air conditioners were integral parts, was damaged in the process.

It will be noted that the restrictions provide that the term "Vandalism and Malicious Mischief" as used in the endorsement is restricted to and includes only wilful and malicious physical injury to or destruction of the described property. Yet this is enlarged or limited, as the case may be, by 3(b) which provides that the company shall not be liable for any loss by "pilferage, theft, burglary or larceny, *except loss by wilful and malicious physical injury to or destruction of a building described and insured hereunder*." This provision must have been inserted for some purpose and we feel it is reasonable to conclude that the purpose was to recognize that injury to or destruction of the building was covered although occurring in connection with a burglary.

In accordance with the general legal principle that exceptions and exclusions should be strictly construed so as to make insurance effective, we believe that it is fair to construe this policy as covering the entire loss claimed, and we do so construe it.

The judgment is affirmed.

WILLIAMS, C. J., and MONTGOMERY, MILLIKEN, STEINFELD and PALMORE, JJ., concur.