*185
 
 Opinion
 

 HOPPER, J.
 

 This case requires the interpretation of a standard fire insurance policy with extended coverage for vandalism and malicious mischief. The issue raised by the agreed statement of facts appears to be one of first impression in California.
 

 Appellants were owners of three parcels of real estate in Madera County upon which they planned to build three houses for profit. On August 22, 1973, appellants purchased insurance policies covering each of the parcels and the buildings to be constructed on them. Each policy was a standard course of construction policy covering fire, lightning, and extended coverage for vandalism and malicious mischief. Appellants paid the premiums and there is no dispute as to the existence of the contracts.
 

 On January 6, 1975, unknown persons broke into each of the three houses, which were being readied for sale, disconnected and removed the major built-in appliances, took up the carpeting, and removed various light fixtures and mirrors. The total amount lost, including replacement costs and labor, was approximately $5,000. Each of the policies was in effect and appellants promptly reported the losses to the respondent. The respondent refused the claim, and this action was instituted.
 

 The pertinent language of the insurance (identical in all three policies) is:
 

 “This policy is extended to insure against loss by the following perils as hereinafter provided, only when premium for extended coverage and vandalism and malicious mischief is inserted in the space provided on the first page of this policy or endorsed hereon.
 

 “9. Vandalism And Malicious Mischief meaning only willful and malicious damage to or destruction of the property covered hereunder.
 

 “This Company Shall Not Be Liable For Loss:
 

 “(a)...................
 

 “(b)...................
 

 
 *186
 
 “(c) By pilferage, theft, burglary or larceny, except that this company shall be liable for willful damage to the building(s) covered hereunder caused by burglars.
 

 “(d)...................
 

 “(e)...................”
 

 The trial judge awarded damages only in the sum of $46.20 for willful damage by the burglars. The court held that the removal of the items came within the definition of pilferage, theft, burglary and larceny and were, therefore, not recoverable under the policy. The correctness of the trial court’s interpretation is the sole issue before us.
 

 We hold that the taking of built-in appliances and carpeting constituted theft under the terms of the policy. However, we reverse for retrial solely on the amount of damages suffered by the appellant by reason of the removal.
 

 The clause in question is an extended coverage endorsement to the standard fire contract. The endorsement extended the fire policy to include coverage for vandalism and malicious mischief. (2) Vandalism and malicious mischief are usually defined as willful and malicious damage to, or destruction of, the described property. Historically, the words malicious mischief were added because a dictionary definition often limited vandalism to the willful destruction of a thing of beauty
 
 (Unkelsbee
 
 v.
 
 Homestead Fire Insurance Co.
 
 (D.C.MunApp. 1945) 41 A.2d 168, 170; Annot. (1969) 23 A.L.R.3d 1259, 1263; Huebner, et al., Property and Liability Insurance (2d ed. 1976) pp. 132-133).
 

 The language in the three policies excludes loss by pilfering, theft, burglary, or larceny, but covers damages brought about by burglars. The trial court determined that this was clear and unambiguous; therefore, plaintiff could not recover for either the theft of the items removed from the houses or the labor costs incurred in installing replacements. Appellants contend that the act of removing the items from the houses constituted damage to the houses themselves. Consequently, they believe that they are covered under the policy. Respondent states that no structural damage was done to the houses; hence, only a theft occurred, and since theft is explicitly excluded from coverage, appellants have no claim.
 

 
 *187
 
 Appellants urge that we follow the interpretation of
 
 State Auto Mutual Insurance Co.
 
 v.
 
 Trautwein
 
 (Ky. 1967) 414 S.W.2d 587 [23 A.L.R.3d 1254] and
 
 United States Fidelity and Guaranty Co.
 
 v.
 
 Bimco Iron and Metal Corp.
 
 (Tex.Civ.App. 1970) 455 S.W.2d 828. We are not persuaded by the apparent ratio decidendi of those cases. In
 
 Trautwein,
 
 unknown persons entered a four-unit apartment complex and removed the air conditioning units. The insurance contract contained a provision similar to the one in the case before us. The Kentucky court allowed recovery on the theory that the taking of the units damaged the building. In
 
 Bimco,
 
 unknown persons entered a building and removed all of the electric wiring from the building conduits. The insurance policy was different from that before the
 
 Trautwein
 
 court, and the court in
 
 Bimco
 
 refused to consider
 
 Trautwein.
 
 However, recovery was permitted for the complete loss on the ground that the wiring was part of the building and its removal by burglars caused compensable damage. Conceptually, we cannot accept such an analysis made in either case. In both
 
 Bimco
 
 and
 
 Trautwein
 
 there was a theft. Even if the appliances or wiring are designated as fixtures (an artificial and unnecessary distinction), they are still susceptible to theft. At common law, once severed from the realty the property became personalty and, as personalty, was capable of being stolen. Furthermore, by statute in California, part or all of the realty or a building can be the subject of theft (see Pen. Code, §§ 487b and 487c).
 

 If
 
 Trautwein
 
 or
 
 Bimco
 
 theories are followed, recovery would be permitted if the item taken was a fixture, but denied if it was not a fixture. The law as to fixtures is already, somewhat artificial and conducive to considerable litigation (see 3 Witkin, Summary of Cal. Law (8th ed. 1973) Personal Property, § 57, pp. 1664-1669). We see no reason based upon history or logic to justify an addition to the problems already resulting from that distinction. While any uncertainty or ambiguity in an insurance policy is to be resolved against the insurer
 
 (Gray
 
 v.
 
 Zurich Insurance Company
 
 (1966) 65 Cal.2d 263, 269 [54 Cal.Rptr. 104, 419 P.2d 168]), the clause in the policies in this case is clear on its
 
 face—replacement cost
 
 of the stolen items is not compensable. We decline to follow the holdings of
 
 Trautwein
 
 and
 
 Bimco
 
 as to replacement costs.
 

 Nevertheless, we do believe that there are compensable damages under the clause in the policies which were not considered by the trial court in this case. The policy on each house allows recovery for willful damage to the building caused by burglars. The testimony indicated that, while no structural damage was detected, the removal of the various
 
 *188
 
 items left holes and gaps in the cabinetiy, walls and floors which had to be repaired before the houses would be marketable. Thus, in the act of removing goods from the house, the burglars caused willful damage that is compensable under the policies.
 

 The correct measure of damages in this case is the installation costs after new appliances, carpeting, and light fixtures have been purchased. Therefore, we conclude that the trial court erred in not construing the policies in the broadest way possible for the appellant so as to allow recovery against respondent for the labor costs incurred in reinstalling the items.
 

 That part of the judgment fixing appellant’s damages only in the sum of $46.20 is reversed with directions to the trial court, on the basis of evidence previously presented and such additional evidence as either side may wish to present, to redetermine damages for the labor costs incurred in reinstallation, in addition to the $46.20, in conformity with the views expressed herein. In all other respects the judgment is affirmed.
 

 Gargano, Acting P. J., and Hanson, J.,* concurred.
 

 Appellants’ petition for a hearing by the Supreme Court was denied December 15, 1977.