In re ROYAL INTERNATIONAL CORP., Debtor.

BRUMLEY–SAYLOR, INC., Plaintiff,

v.

ROYAL INTERNATIONAL CORP., Defendant.

Bankruptcy No. 38100273.

United States Bankruptcy Court, W. D. Kentucky.

Aug. 13, 1981.

C. A. Dudley Shanks, Louisville, Ky., for plaintiff.

Thomas H. Meeker, Louisville, Ky., for defendant.

### MEMORANDUM AND ORDER

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

The defendant, Royal International Corporation, is a Chapter 11 debtor engaged in the restaurant and food service business. Before filing for relief in this court, Royal leased a warehouse from Blue Boar Cafeteria, Inc. at which it was to prepare meals for a government meal program. Royal contracted with Brumley-Saylor, Inc. to make various leasehold improvements so the warehouse would be suitable for large-scale food preparation. Brumley-Saylor performed work on the structure's mechanical, electrical and plumbing systems, and installed various items of commercial kitchen equipment owned by Royal, including stoves, ovens and fryers.

The cost for labor and materials amounted to $22,947.80, and when the work was not paid for, Brumley-Saylor filed a mechanic's lien on the building. The sole issue is whether that mechanics' lien attaches to the installed kitchen equipment.

KRS 376.010(1) provides that "Any person who performs labor or furnishes materials for the erection, altering or repairing of a house or other structure or for any fixture or machinery therein . . . shall have a lien thereon . . . "

Brumley posits that this is a case in which adherence to the law on fixtures should be observed, and this property substantially conforms to those standards traditionally applied in determining when personalty becomes a fixture to realty.

In support of its position Brumley relies particularly on the Kentucky decisions of *Doll v. Guthrie*,[1] and *State Automobile Insurance Company v. Trautwein*.[2] In *Doll* especially, the Court discussed at considerable length the law on fixtures and enunciated the tests used to determine whether something is a fixture.

Neither *Doll* nor *Trautwein*, however, considers the applicability of fixture law to the mechanics' lien statute; they both deal only generally with the law on fixtures. Two cases more factually similar to, and with much more precedental impact on the case *sub judice*, are *Heat 'N' Eat Brands, Inc.*[3] and *In re Louisville Daily News and Enquirer*,[4] decided by the federal court in the Western District of Kentucky.

In *Heat 'N' Eat* the seller of an automatic filling and conveying machine assembled and installed the machine in a building leased to the bankrupt, a manufacturer and processor of meat products. The machine was bolted to the floor to prevent vibration and had electricity, water and steam connections, but was removable without damage to either itself or the building. The Court found unconvincing the claimant's argument that because the leased building was altered to accommodate the machine, the machine was incorporated with the use to which the building was to be put and therefore subject to the mechanic's lien statute.

The *Heat 'N' Eat* court based its holding on the factually similar case of *Louisville Daily News and Enquirer*. In *Louisville News* the claimant reconstructed part of a building leased to the bankrupt and built a concrete foundation to facilitate the installation of a printing press. He also made necessary light, water and power connections. The Court narrowly applied the mechanic's lien statute, writing that "The true test is the intent to permanently incorporate and use the machinery in the building."[5] The Court further discussed the purpose and application of the mechanic's lien law:

> The language employed in the statute, taken literally, would mean any machinery placed inside the structure, or work or labor done on it. However, when we take into consideration the purpose of mechanic's lien laws, the statute is not to be so literally construed. The law was meant to protect and favor those who actually worked in, or contributed labor or material to, the construction, improvement, or repair of a building or other structure, thereby permanently enhancing its value. It was not intended to apply to personalty in no way attached to or used in connection with the building or structure.
>
> . . . .
>
> Where machinery or equipment is permanently incorporated with the use to which the building is to be put and is to be associated with said use of the structure, such as elevators, furnaces, boilers, and dynamos, it becomes a part of the realty and is within the mechanic's lien

1. 24 S.W.2d 947 (Ky.1929).

2. 414 S.W.2d 587 (Ky.1967).

3. 174 F.Supp. 598 (W.D.Ky.1959), *affirmed* in 280 F.2d 426 (6th Cir. 1960).

4. 20 F.Supp. 465 (W.D.Ky.1937).

5. Id at 466.

statute of the Commonwealth of Kentucky. Where the machinery or equipment is not permanently incorporated with the use to which the building is to be put, but is used in the conduct of some manufacturing or other business carried on within the building, such as printing presses, typewriters, washing machines, electric motors, electric fans, ironers, mangels, and pressers, it is not a part of the realty and not within the mechanic's lien statute. It would be a distortion of the purpose to include machinery or equipment brought on to the premises but in no way permanently connected with the building or its use.[6]

We take the foregoing to mean that for purposes of mechanics' lien law only property permanently incorporated into the realty should be deemed a fixture. This comports with the following observation of the *Louisville News* holding by the Court in *Heat 'N' Eat* :

> Judge Hamilton's opinion [in *Louisville Daily News*] discloses that the phrase "permanently incorporated with the use to which the building is to be put" has reference to fixtures employed in the actual operation of the building itself and not to machinery or equipment for use in a particular business that might be conducted within the building. This is shown by the distinction made in the opinion between "elevators, furnaces, boilers and dynamos", which equipment clearly is a permanent and integral part of a structure and necessary for its proper functioning, and "printing presses, typewriters, washing machines, electric motors, electric fans, ironers, mangels and pressers," which obviously are machinery and equipment brought into a building for use in conduct of a business carried on within it.[7]

The *Heat 'N' Eat* Court concluded that the machine in question, though attached to the realty, never lost its identity as personalty or became an integral and necessary part of the leased premises. In so holding it acknowledged that property attached to leased premises is less likely to be deemed a fixture than property attached to premises owned outright. The tendency of courts to make this distinction between leased and owned property in fixture law has also been observed in the Kentucky decision of *Bank of Shelbyville v. Hartford.*[8]

Brumley-Saylor acknowledges the *Heat 'N' Eat* decision but attempts to factually distinguish it on the basis that it made extensive electrical, mechanical and plumbing changes to the building leased to Royal. Because the facts given in *Heat 'N' Eat* do not clearly describe the extent to which alterations to the building were made, a distinction based on that ground is most difficult to make. Further, *Heat 'N' Eat* itself arose out of an attempt to distinguish its facts from those in the previously decided case of *Louisville Daily News and Enquirer* on the ground that the building in *Heat 'N' Eat* was altered substantially to accommodate the bankrupt's machinery. We adhere to the wisdom of the *Heat 'N' Eat* Court in refusing to carve out indistinct factual exceptions to the rule established in *Louisville Daily News.*

Upon the foregoing reasoning and authorities,

IT IS HEREBY ORDERED that Brumley-Saylor, Inc.'s complaint for relief from the automatic stay to enforce its mechanic's lien against kitchen equipment owned by the debtor, Royal International Corporation, be and is dismissed.

IT IS FURTHER ORDERED that Exhibit "B" of the Memorandum of Authorities filed by Royal International Corporation on May 7, 1981, be and is deemed the exclusive listing of kitchen equipment to which Brumley-Saylor's mechanic's lien may not attach.

---

6. Id. at 466–467.

7. Supra Note 3 at 600.

8. 104 S.W.2d 217, 219 (Ky.1937).