■ HALSEY DRUG CO., INC., Respondent, v. AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY, Appellant.— Order of Appellate Term, entered November 22, 1967, affirming a judgment of the Civil Court, entered June 29, 1966, unanimously reversed and a new trial ordered on the law and the facts, with costs in all courts to abide the event. Error there was in the Judge's charge when he asserted that a finding of "vandalism" under the policy could be made even though the property destroyed and for which recovery was sought was destroyed "in some manner without any wilful or malicious act" accentuating a right of recovery even if there was no willful or malicious intent. The policy specifically stated that term "vandalism and malicious mischief" as used therein was "restricted and includes only wilful malicious injury to or destruction of the described [insured] property." The requests to charge on this score, urged by defendant's attorney, were proper. Further, the terms of the policy being plain and unambiguous, strict construction against the carrier is not applicable. (*Protective Life Ins. Co.* v. *Hale*, 230 Ala. 323; *Rea* v. *Motors Ins. Corp.*, 48 N.M. 9; 29 Am. Jur., § 260, p. 644.) Lastly, on a new trial, the strictures and analysis of the evidence, as set forth in the dissenting opinion of Streit, J., (Appellate Term) should be heeded. The evidence before us is thin at best. Concur — Steuer, J. P., Tilzer, McGivern and McNally, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DAVID CUMMINGS, Appellant.— Determination of defendant's appeal from a judgment of the Supreme Court, New York County, rendered May 10, 1965, convicting him, upon his plea of guilty, of the crime of attempted assault in the second degree, is withheld and the case remitted for a further hearing on the motion to suppress evidence. There must be a further hearing on the motion to suppress at which the People, in order to prevail, will be under the burden of going forward with evidence to show that probable cause existed to make the arrest so as to render the search incident thereto proper. At such further hearing defense counsel shall be permitted to examine any prior statements or records of witnesses and to cross-examine the police witnesses who testified at the prior hearing. (*People* v. *Malinsky*, 15 N Y 2d 86; *People* v. *Horowitz*, 21 N Y 2d 55.) Concur — Botein, P. J., Stevens, Eager, Tilzer and Rabin, JJ.