21809

Mitchell KING Jr., Appellant, v. NORTH RIVER INSURANCE COMPANY,
Respondent.
(297 S. E. (2d) 637)

*W. Francis Marion* and *Frances D. Ellison*, of *Haynsworth, Perry, Bryant, Marion & Johnstone*, Greenville, *for appellant.*

*Albert Q. Taylor, Jr.*, of *Leatherwood, Walker, Todd & Mann*, Greenville, *for respondent.*

Nov. 22, 1982.

NESS, Justice:

This is an appeal from a directed verdict granted respondent North River Insurance Company. We reserve and remand for a new trial.

Appellants contracted with respondent for fire insurance coverage on appellant's warehouse. The contract contained a provision insuring the property against damage caused by vandalism or malicious mischief, for which respondent collected an extra premium. The contract defines vandalism or malicious mischief as "only the wilful and malicious damage to or destruction of the property covered."

The roof of the warehouse collapsed following a heavy rainstorm. An inspection revealed a beer can and two whiskey bottles lodged in the upper downspout completely blocking drainage from the roof.

At trial, appellants contended the clogged downspout caused water to accumulate and the roof to collapse, and that the downspouts had become clogged through acts of vandalism by persons throwing the bottles on the roof. Appellant's

expert testified that normally the downspouts should have been more than adequate to drain the roof.

Respondent contended (1) that the throwing of the bottles on the roof did not constitute vandalism or malicious mischief as defined by the policy, and (2) even if the acts did constitute vandalism or malicious mischief, the vandalism was not the proximate cause of the loss.

On a motion for directed verdict the Court must view the evidence in the light most favorable to the non-moving party. If more than one reasonable inference can be drawn from the testimony, the case should be submitted to the jury. *Whisenant v. James Island Corp., et al.,* 277 S. C. 10, 281 S. E. (2d) 794 (1981).

"Vandalism" in a comprehensive fire insurance policy should not be construed to apply only to a hostile or wilful destruction, but should be extended to its popular meaning, including any unusual destruction caused by the doing of a wrongful act. *Parnell v. Rohrer Chevrolet Company,* 95 N. J. Super. 471, 231 A. (2d) 824 (1967); *Great American Insurance Company v. Dedmon,* 260 Ala. 330, 70 So. (2d) 421, 43 A.L.R. (2d) 599 (1953). The legal malice necessary to establish vandalism within the meaning of the policy need not amount to ill will or vindictiveness of purpose, but is sufficient or intentional disregard of the rights of another. *Livaditis v. American Casualty Company of Reading, Pa.,* 117 Ga. App. 297, 160 S. E. (2d) 449 (1968); *General Accident Fire & Life Assurance Corporation, et al. v. Azar, et al.,* 103 Ga. App. 215, 119 S. E. (2d) 82 (1961). Malice may be inferred from the unlawful act itself; to hold otherwise would in many instances defeat the purpose of insuring against vandalism, as vandals rarely destroy property in the open view of witnesses. *Cole v. Country Mutual Insurance Company,* 5 Ill. App. (3d) 335, 282 N. E. (2d) 216 (1972); *State Automobile Mutual Insurance Company v. Trautwein,* 414 W. W. (2d) 587, 23 A.L.R. (3d) 1254 (Ky. 1967). A jury could reasonably infer from the facts in this case that appellant's loss was caused by vandalism or malicious mischief within the meaning of the policy.

Turning to the causation issue, it is generally sufficient to prove the event insured against was the *efficient* cause of the loss, even though not the sole cause. Where an expert has testified that the accumulated water on the roof would not by

itself have caused the roof to collapse, a reasonable jury could find that the clogging of the downspouts was the efficient and proximate cause. *Cf. Stephens v. Cotton States Mutual Insurance Company, et al.*, 104 Ga. App. 431, 121 S. E. (2d) 838 (1961); *Travelers Indemnity Company v. Wilkes County*, 102 Ga. App. 362, 116 S. E. (2d) 314 (1960). We hold the trial court erred in granting a directed verdict and remand for a new trial.

Reversed and Remanded.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.