OPINION OF THE COURT
Alan J. Saks, J.
In this action to recover on an insurance policy, the parties have submitted the issue of liability to the court on an agreed stipulation of facts, in lieu of trial.
The basic facts are that: defendant has insured plaintiff’s building under a general risk policy including a Vandalism and Malicious Mischief Endorsement. That endorsement provides, in pertinent part:
“The coverage under said Extended Coverage Endorsement is extended to include direct loss by Vandalism and Malicious Mischief * * *
“1. Provision applicable only to Vandalism and Malicious Mischief: The terms ‘vandalism’ and ‘malicious mischief’ as used in this endorsement mean only willful and malicious damage to or destruction of the property covered hereunder * * *
“2. This company shall not be liable for loss * * *
“b. by pilferage, theft, burglary or larceny, except that this company shall be liable for willful damage to the building (s) covered hereunder caused by burglars.”
On October 8, 1980, perpetrators broke into the plaintiff’s premises, broke into the elevator, severed the wires leading to the elevator control panel and removed the same *956 in its entirety. (Said panel was located above the ceiling of the elevator.)
The question is whether the exclusion for pilferage, theft, etc., is applicable. Although there are no New York cases directly in point, the weight of authority in other jurisdictions holds that such an exclusion is not applicable to losses of this character. Cresthill Inds. v Providence Wn. Ins. Co. (53 AD2d 488), relied on by plaintiff, is readily distinguishable on its facts. There, the action was by a commercial tenant to recover for consequential water damage to its property sustained when plumbing fixtures elsewhere in the building had been stolen. It did not seek to recover the value of the stolen fixtures. However, it cited with approval the three cases in other jurisdictions that involved facts akin to the instant case. (Parnell v Rohrer Chevrolet Co., 95 NJ Super 471; United States Fid. & Guar. Co. v Bimco Iron & Metal Corp., 464 SW2d 353 [Tex]; State Auto. Mut. Ins. Co. v Trautwein, 414 SW2d 587 [Ky].) Moreover, Cresthill (supra) expressed disapproval of the one authority directly in point that is contra, namely, Pacific Ind. Co. v N.A., Inc. (120 Ga App 793). Moreover, while Cresthill is distinguishable on its facts, it is a valuable guide in that it contains a learned discussion of judicial treatment of the clauses in question, concludes that they contain ambiguities, and holds that the latter should be construed in favor of the insured. (See 53 AD2d, at pp 499-500.)
In sum, if the foregoing authorities, other than Pacific Ind. Co. v N.A., Inc. (supra) are regarded as persuasive, it would seem that any forceful or violent severing and removal of property that had been affixed to the premises constitutes vandalism and the loss of the property thus removed is not excluded as pilferage, theft, etc. It is of course philosophically arguable that, where the destruction to the freehold is relatively minor and the gravamen of the loss is in the value of the removed equipment, what is involved is essentially theft and not vandalism. However, it could be argued with equal force that the exclusion would be generally understood by a lay person purchasing this type of policy to refer only to property that is not attached to the freehold. (A much closer case would be *957 presented had the control panel been extracted simply by removing some screws.)
In any event, in the absence of controlling authority in the positive and in the presence of persuasive authority in the negative, application of the principles of stare decisis leads this court to conclude that the instant loss is not subject to the exclusion in question.
By submission of the stipulated facts and its failure to allude to any issue other than coverage, the court assumes that defendant has waived the boilerplate first affirmative defense alleging that the plaintiff has failed to comply with the requirements of the policy. Accordingly, the court hereby decides that policy coverage is present and that defendant is liable for the loss in question. This case is hereby restored to the September 25, 1984 Trial Term, Part 13, Calendar for jury trial as to damages.