■ FANBERG REALTY CORPORATION, Respondent, v TRAVELERS COMPANIES et al., Appellants.—In an action to recover damages for breach of a contract of insurance, defendants appeal from so much of an order of the Supreme Court, Kings County (Vaccaro, J.), dated June 6, 1984, as denied their motion for summary judgment.

Order reversed insofar as appealed from, on the law, with costs, motion granted and complaint dismissed.

Plaintiff owned an apartment building which was destroyed as the result of the collapse of an adjoining building while the latter was undergoing renovation. Defendants were the insurers of plaintiff's building at the time of the collapse. Plaintiff asserts that the policy covers its loss, claiming that it falls within the paragraph which insures against damage by "vandalism or malicious mischief". The policy defines this phrase as "direct loss by willful and malicious damage to or destruction of property". Plaintiff claims that the contractors working at the adjacent building failed to obtain a proper building permit and removed the main supporting members of the adjacent building and that this conduct constitutes malicious mischief within the meaning of the policy. Defendants moved for summary judgment on the ground the policy did not cover the claimed loss. Plaintiff cross-moved for summary judgment on the ground that liability had been established. Special Term denied both motions upon a finding that the policy language was ambiguous, necessitating a trial.

Special Term's finding was erroneous. This court has previously construed substantially the same language as that in the policy at bar (see, Cresthill Indus. v Providence Washington Ins. Co., 53 AD2d 488). Thus the language is not ambiguous as a matter of law. By cross-moving for summary judgment, plaintiff effectively conceded that no question of fact exists (see, Kuehne & Nagel v Baiden, 36 NY2d 539, 544). Upon review of the allegations and according the plaintiff the benefit of any inferences which might be drawn therefrom, we hold that the alleged activities at the premises adjacent to plaintiff's building did not constitute malicious mischief within the meaning of the policy. Gibbons, J. P., Thompson, Niehoff and Kunzeman, JJ., concur.