**Frank GRABOWSKI**

v.

**AGRICULTURAL INSURANCE COMPANY.**

Civ. A. No. 86–2714.

United States District Court, E.D. Pennsylvania.

Nov. 9, 1987.

---

H. Francis De Lone Jr., Philadelphia, Pa., for plaintiff.

Eugene J. Maginnis, Jr., Philadelphia, Pa., for defendant.

## MEMORANDUM

HUYETT, District Judge.

This civil action involves a dispute over insurance policy which provides coverage for "vandalism or malicious mischief", defined in the policy as *only the willful and malicious damage to or destruction of the property covered."*

■ Research has revealed no Pennsylvania case law discussing the meaning of similar insurance provisions. However, this issue has been addressed by appellate courts in a number of other states. A review of this case law persuades me that, in order to establish coverage under this policy, the plaintiff must prove by a preponderance of the evidence that:

1. An intentional act was done by some known or unknown person;

2. This act was done in conscious or intentional disregard of the rights of others in the property;

3. The act was the proximate cause of damage to the insured property.

■ While this may not be the universal rule, it is the majority rule and the clear trend in the case law. *Quaker City Gun Club v. St. Paul Fire & Marine Ins.,* C.A. 84–6327, slip op. (E.D.Pa. Mar. 13, 1986) [Available on WESTLAW, 1986 WL 3561]; *Hogs Unlimited v. Farm Bureau Mutual Insurance Co.,* — Minn. ——, 401 N.W.2d 381 (Minn.1987); *King v. North River Ins. Co.,* 278 S.C. 411, 297 S.E.2d 637 (1982); *Livaditis v. American Casualty Co. of Reading, PA,* 117 Ga.App. 297, 160 S.E.2d 449 (1968). A number of other courts have required plaintiff to show that the damages could be reasonably expected to result from the act. *See Louisville & Jefferson Co. v. Travelers Ins. Co.,* 753 F.2d 533 (6th Cir.1985); *Ditloff v. State Farm Fire & Casualty Co.,* 225 Neb. 375, 406 N.W.2d 101 (1987); *Swedberg v. Battle Creek Mutual Ins. Co.,* 218 Neb. 447, 356 N.W.2d 456 (1984); *Burgess Farms v. New Hampshire Ins. Group,* 108 Idaho 831, 702 P.2d 869 (App.1985); *Frontier Lanes v. Canadian Indemnity Co.,* 26 Wash.App. 342, 613 P.2d 166 (1980). I have no doubt that Pennsylvania, construing any ambiguity in the policy against the insurer, would adopt this rule.

■ I emphasize that the plaintiff is not required to show any personal malice against the owner of the property. *Quaker City Gun Club v. St. Paul Fire & Marine Ins.,* C.A. 84–6327, slip op. at 5 (E.D.Pa. Mar. 13, 1986) [Available on WESTLAW, 1986 WL 3561]; *Livaditis v. American Casualty Co. of Reading, PA,* 117 Ga.App. 297, 160 S.E.2d 449 (1968); *Cole v. Country Mutual Ins. Co.,* 5 Ill. App.3d 335, 282 N.E.2d 216 (1972). Nor is the plaintiff required to establish the iden-

tity of the specific vandal. *Ditloff v. State Farm Fire & Casualty Co.*, 225 Neb. 375, 406 N.W.2d 101 (1987). Moreover, plaintiff may establish his case through circumstantial evidence. *Id.* However, as always, the circumstantial evidence must be such that all other possible inferences from the evidence are eliminated. The jury must not be allowed to engage in mere speculation.

■ I note two cases which are directly on point. In *King v. North River Ins. Co.*, 278 S.C. 411, 297 S.E.2d 637 (1982), plaintiff sought recovery under an identical policy provision for damage to his property when the roof collapsed under the weight of rain water. The drainspouts had been clogged by beer cans and bottles which had been thrown onto the roof by unknown persons. The Supreme Court, requiring the plaintiff to establish that the vandal acted with conscious or intentional disregard of the rights of another, found enough evidence to go to the jury.

However, in *Frontier Lanes v. Canadian Indemnity Co.*, 26 Wash.App. 342, 613 P.2d 166 (1980), the court held under identical facts that there was *not* enough evidence to sustain a verdict for the plaintiff. Under either the definition of wilfull and malicious, or under a theory of causation, proof that the bottles had been thrown onto the roof and had, by chance, found their way into the drainpipe was not sufficient to establish a right to recover.

I am persuaded that *Frontier Lanes* produces the better result. However, the facts in the present case are distinguishable. Plaintiff alleges that the tennis balls were actually placed in the drain spout by the vandals. This distinction would, if proven, justify a verdict for the plaintiff.