CONNIE R. ROSELLI, Plaintiff, v ROYAL INSURANCE COMPANY OF AMERICA, Defendant.

Supreme Court, Monroe County, February 16, 1989

### APPEARANCES OF COUNSEL

*Chamberlain, D'Amanda, Oppenheimer & Greenfield (Gary M. Levine* of counsel), for defendant. *Mangione, Gianforti & Roisman (Gary Gianforti* of counsel), for plaintiff.

### OPINION OF THE COURT

WILMER J. PATLOW, J.

On March 24, 1988 a deer entered plaintiff's apartment and caused considerable damage to the contents.

There is no question that on that date plaintiff was insured by a homeowner's policy issued by defendant. It is also undisputed that this policy covered damage to personal property caused by vandalism or malicious mischief.

Defendant insurer has disclaimed liability on the grounds that the loss sustained does not constitute a covered loss. More specifically, defendant contends that a deer is not capable of an intentional or a malicious act and therefore the damages sustained by plaintiff were not the result of any vandalism or malicious mischief within the meaning of the policy.

Defendant now moves for summary judgment dismissing the complaint and plaintiff cross-moves for summary judgment in her favor.

The policy in question quite succinctly and unambiguously states in "SECTION I—PERILS INSURED AGAINST" that coverage extends to "direct physical loss" of personal property "caused by a peril listed below". This language is followed by an enumerated list which includes "8. Vandalism or malicious mischief."

Although, as plaintiff's attorney suggests, modern dictionary definitions of vandalism include the "ignorant" destruction of property *(see, e.g.,* Random House Dictionary of the English Language [2d ed 1987]), even expanded, popular definitions require the destruction to be "in conscious or intentional disregard of the rights of another" *(King v North Riv. Ins. Co.,* 278 SC 411, 413, 297 SE2d 637, 638).

Likewise, the definition of malicious mischief, even broadly read, presupposes an intentional act. Thus it is said: "Malicious mischief has been defined 'the wilful injury or destruction of property from ill will toward its owner or from mere wantoness'. * * * Malice does not necessarily mean hatred. It may be inferred from unjustifiable conduct. In a legal sense, it means a wrongful act, done intentionally, without just cause or excuse" *(Romanych v Liverpool & London & Globe Ins. Co.,* 8 Misc 2d 269, 272, cited with approval in *Cresthill Indus. v Providence Wash. Ins. Co.,* 53 AD2d 488, 498).

Consequently, having found no authority to the contrary, the court reluctantly concurs with existing legal precedent to the effect that vandalism and/or malicious mischief must be perpetrated by a human actor *(see, Stack v Hanover Ins. Co.,* 57 Ala App 504, 329 So 2d 561, 562; *Imperial Cas. & Indem. Co. v Terry,* 451 SW2d 303, 305 [Tex Civ App]; *Ditloff v State Farm Fire & Cas. Co.,* 225 Neb 375, 379, 406 NW2d 101, 104).

Defendant's motion for summary judgment dismissing the complaint is hereby granted and plaintiff's cross motion is denied.