■ In the Matter of MATCO-NORCA, INC., Respondent. IMMANUEL MATZ, Appellant. (Matter No. 1.) IMMANUEL MATZ, Appellant, v DOV MATZ et al., Respondents. (Matter No. 2.) [802 NYS2d 707]—

In a proceeding, inter alia, for the judicial dissolution of a corporation which was converted to a valuation proceeding pursuant to Business Corporation Law § 1118 and a related shareholder derivative action, Immanuel Matz appeals from an order of the Supreme Court, Nassau County (Austin, J.), dated May 20, 2004, which denied his motion to compel the corporation to make an immediate cash distribution of its 2002 net income.

Ordered that the order is affirmed, with one bill of costs payable by Immanuel Matz to the respondent Matco-Norca, Inc.

Immanuel Matz, a shareholder and officer of Matco-Norca,

Inc. (hereinafter MNI), commenced a special proceeding for the judicial dissolution of MNI, which MNI converted to a valuation proceeding, and also commenced a shareholder derivative action. Subsequently, Matz moved to compel MNI, which is a subchapter S corporation, to make a distribution of its 2002 net income in accordance with the provisions of MNI's shareholders' agreement. Matz claims that the shareholders' agreement mandates distributions to the shareholders so that the shareholders can pay taxes on the corporate income deemed to have passed through to them.

" 'It is the primary rule of construction of contracts that when the terms of a written contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving a practical interpretation to the language employed and the parties' reasonable expectations' " (*Weisberger v Goldstein*, 242 AD2d 622, 623 [1997], quoting *Slamow v Del Col*, 174 AD2d 725 [1991], *affd* 79 NY2d 1016 [1991]; *see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 163 [1990]; *Mazzola v County of Suffolk*, 143 AD2d 734, 735 [1988]). Further, a court may not write into a contract conditions the parties did not insert by adding or excising terms under the guise of construction, nor may it construe the language in such a way as would distort the contract's apparent meaning (*see Tikotzky v City of New York*, 286 AD2d 493 [2001]; *Slamow v Del Col, supra* at 727; *Tantleff v Truscelli*, 110 AD2d 240, 244 [1985], *affd* 69 NY2d 769 [1987]). The words and the phrases used in an agreement must be given their plain meaning so as to define the rights of the parties (*see Laba v Carey*, 29 NY2d 302, 308 [1971]; *Levine v Shell Oil Co.*, 28 NY2d 205, 212-213 [1971]).

Here, the language of the shareholders' agreement is plain and unambiguous, and provides that distributions of net income are discretionary, not mandatory. As a result, the Supreme Court properly denied Matz's motion to compel MNI to make a cash distribution of its 2002 net income.

Matz's remaining arguments are either without merit or improperly raised for the first time on appeal. Adams, J.P., Mastro, Lifson and Lunn, JJ., concur.