**11-4444-cv**
**Georgitsi Realty, LLC v. Penn-Star Insurance Company**

**UNITED STATES COURT OF APPEALS**
**For the Second Circuit**

August Term, 2012

Argued: October 11, 2012     Decided: December 21, 2012

Docket No. 11-4444-cv

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GEORGITSI REALTY, LLC,

*Plaintiff-Appellant*,

v.

PENN-STAR INSURANCE COMPANY,

*Defendant-Appellee*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Before: WALKER, LIVINGSTON, AND DRONEY, *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Apartment building owner appeals from grant of summary judgment to its insurer under a policy covering acts of vandalism. The United States District Court for the Eastern District of New York (Irizarry, *J.*) concluded that the required malice could not be found from actions directed only at an adjacent building. We hold that certification of the malice issue to the New York Court of Appeals is warranted.

QUESTION CERTIFIED.

> JACK S. DWECK, The Dweck Law Firm LLP, New York, New York, *for Plaintiff-Appellant*.

STEVEN VERVENIOTIS, Miranda Sambursky Slone Sklarin Verveniotis LLP, Mineola, New York, *for Defendant-Appellee*.

DRONEY, *Circuit Judge*:

Plaintiff-Appellant Georgitsi Realty, LLC ("Georgitsi") appeals from a judgment of the United States District Court for the Eastern District of New York (Irizarry, *J.*), granting summary judgment to Defendant-Appellee Penn-Star Insurance Company ("Penn-Star"). The primary question presented by this appeal is whether an act performed on adjacent property that causes damage to the plaintiff's property may constitute "vandalism" under the plaintiff's property insurance policy. The subsidiary question of whether "malicious damage" may be found to result from an act not directed specifically at the insured property is critical to resolving this issue. Because this question has not been decided by the New York Court of Appeals, and because it is dispositive of this appeal, and because the answer to this question will likely have broad implications for insurance disputes under New York law, we believe that the New York Court of Appeals should have the opportunity to address it. We therefore CERTIFY this question to the New York Court of Appeals.

**BACKGROUND**

Georgitsi owns an apartment building (the "Building"), which is located on Eighth Avenue in Brooklyn, New York. On October 28, 2007, Georgitsi obtained a "Broad Form" insurance policy (the "Policy") from Penn-Star to insure the Building from July 9, 2007, to July 9, 2008. The Policy, which is governed by New York law, included coverage for a variety of perils, including fire, windstorm, smoke, riots, and vandalism. The Policy defines "vandalism" as the "willful and malicious damage to, or destruction of, the described property."

2

Beginning in 2007, the Building sustained significant damage as a result of construction and excavation work performed on the property adjacent to the Building owned by Armory Plaza, Inc. (the "Adjacent Parcel"). The excavation work was performed as part of a plan to construct an underground parking garage. Georgitsi had previously notified Armory Plaza and the excavators, engineers, and architect working on the Adjacent Parcel (collectively, "the Excavators") about the damage to the Building. Georgitsi had also notified the New York City Department of Buildings, which issued numerous "stop work" orders and summonses to the Excavators. The stop work orders specifically referenced the damage caused to the Building and other neighboring properties by the work being done on the Adjacent Parcel. Georgitsi also obtained a temporary restraining order from the Kings County Supreme Court enjoining the Excavators from continuing their construction work on the Adjacent Parcel. The Excavators nonetheless continued the construction work and ultimately admitted to many violations of the stop work orders, paying $36,500 in fines to the city.

On December 20, 2007, Georgitsi notified Penn-Star of its claim under the Policy for damage that the excavation on the Adjacent Parcel had caused the Building. Georgitsi requested reimbursement pursuant to the Policy's coverage for vandalism. Penn-Star refused on the ground that the excavation damage did not constitute vandalism under the Policy. Georgitsi then brought suit against Penn-Star in the Kings County Supreme Court, which Penn-Star then removed to the United States District Court for the Eastern District of New York based on the complete diversity of citizenship of the parties and amount in controversy in excess of $75,000. The district court subsequently granted summary judgment in favor of Penn-Star.[1] The magistrate judge, in its report

---

[1] Georgitsi has also brought an action against Armory Plaza and the Excavators, which is pending in the Kings County Supreme Court.

3

and recommendation to the district court, found that the Excavators had not committed vandalism within the meaning of the Policy because their actions were directed only to the Adjacent Parcel, not the Building, and that proof of recklessness would not satisfy the malice requirement of the Policy as a matter of law. The district court adopted the recommended ruling of the magistrate judge.[2] We conclude that this appeal turns on the unsettled and important question of New York law of whether "malicious damage" within the meaning of an insurance policy covering vandalism may be found to result from an act not directed at the policyholder's property but causing damage thereto and undertaken with knowing disregard for the policyholder's rights.

**DISCUSSION**

**I.      Legal Standard**

On appeal, Georgitsi seeks review of only one issue: Whether, in granting summary judgment to the defendant, the district court erred when it held that malice may not be found from an action not specifically directed towards the covered property. We review de novo an order granting summary judgment. Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003). "Summary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." Id.

---

[2] The district court noted that Georgitsi "does not object to the magistrate judge's findings that [Georgitsi] . . . lacks proof that the adjacent property owner and excavator acted recklessly." *Georgitsi Realty, LLC v. Penn-Star Ins. Co.*, No. 08-CV-4462, 2011 WL 4889251, at *2 (E.D.N.Y. Sept. 30, 2011). However, discovery was not conducted on this question, and the report and recommendation of the magistrate judge noted that Georgitsi "expects" that discovery would demonstrate recklessness on the part of the Excavators. *See Georgitsi Realty, LLC v. Penn-Star Ins. Co.*, No. 08-CV-4462, 2011 WL 4804873, at *3 & n.5 (E.D.N.Y. Aug. 30, 2011) (emphasis omitted). Nonetheless, under the view articulated by the magistrate judge and adopted by the district court, proof that the Excavators acted recklessly would not have affected the outcome in this case.

4

**II.    Malice as an Element of Vandalism Under the Policy**

Because the New York Court of Appeals has yet to resolve the issue before us, we turn to the decisions of the trial and intermediate appellate courts of New York state. See Windsor v. United States, 699 F.3d 169, 177 (2d Cir. 2012) ("When we are faced with a question of New York law that is decisive but unsettled, we may 'predict' what the state's law is, consulting any rulings of its intermediate appellate courts and trial courts, or we may certify the question to the New York Court of Appeals.").

Under New York law, "courts bear the responsibility of determining the rights or obligations of parties under insurance contracts based on the specific language of the policies." Cali v. Merrimack Mut. Fire Ins. Co., 43 A.D.3d 415, 416 (2d Dep't 2007) (quoting Sanabria v. Am. Home Assurance Co., 501 N.E.2d 24, 24 (N.Y. 1986)). When interpreting an insurance policy, courts "should refrain from rewriting the agreement." Progressive Halcyon Ins. Co. v. Giacometti, 72 A.D.3d 1503, 1505 (4th Dep't 2010) (quoting U.S. Fid. & Guar. Co. v. Annunziata, 492 N.E.2d 1206, 1207 (N.Y. 1986)). In particular, the court "may not write into a contract conditions the parties did not insert by adding or excising terms under the guise of construction, nor may it construe the language in such a way as would distort the contract's apparent meaning." In re Matco-Norca, Inc., 22 A.D.3d 495, 496 (2d Dep't 2005).

To prevail in an action against an insurer for coverage of vandalism, the plaintiff-insured must show: "(1) the occurrence of an act of vandalism or malicious mischief within the meaning of the policy, (2) proximate cause resulting in a 'direct loss' to his property and (3) the inapplicability of the cited exclusionary clause . . . ." Cresthill Indus., Inc. v. Providence Wash. Ins. Co., 53 A.D.2d 488, 496 (2d Dep't 1976). The burden of proof rests on the plaintiff-insured regarding the first two

issues, while the burden rests on the defendant-insurer to prove the third issue. See id. at 496-97 (citing Sincoff v. Liberty Mut. Fire Ins. Co., 183 N.E.2d 899, 901 (N.Y. 1962)). The parties here appear to agree that the Excavators caused the damage to the Building. In addition, neither party argues that the only exclusionary clause in the Policy that applies to coverage for vandalism is relevant in this case.[3] As a result, only the first issue – whether the Excavators had committed "an act of vandalism or malicious mischief within the meaning of the policy" – is dispositive of this appeal.

Malicious mischief has been defined as "the wilful injury or destruction of property from ill will toward its owner or from mere wantonness." Cresthill, 53 A.D.2d at 498 (emphasis omitted) (quoting Romanych v. Liverpool & London & Globe Ins. Co., 167 N.Y.S.2d 398, 401 (Sup. Ct. 1957)). New York courts ascribe to malice "a liberal meaning" not confined to merely "actual malice or ill will, but [also] the intentional doing of a wrongful act without legal justification." Lamb v. S. Cheney & Son, 125 N.E. 817, 818 (N.Y. 1920); see also id. ("The act is malicious when the thing done is with the knowledge of plaintiff's rights, and with the intent to interfere therewith."). Malice may be found either from a party's "actual malice toward all those who might foreseeably be affected" or from the nature of the act itself. Cresthill, 53 A.D.2d at 498; see also Roselli v. Royal Ins. Co. of Am., 538 N.Y.S.2d 898, 899 (Sup. Ct. 1989) ("Malice does not necessarily mean hatred. It may be inferred from unjustifiable conduct. In a legal sense, it means a wrongful act, done intentionally, without just cause or excuse." (internal quotation marks omitted)); cf. Benson Holding Corp. v. N.Y. Prop. Ins. Underwriting Ass'n, 478 N.Y.S.2d 570, 571

---

[3] The exclusionary clause in the Policy applicable to vandalism exempts from coverage any "loss or damage caused by or resulting from theft."

(Civ. Ct. 1984) (holding that "any forceful or violent severing and removal of property that had been affixed to the premises constitutes vandalism" (citing Cresthill, 53 A.D.2d at 488)).  However, these decisions discussing  malice do not elucidate the state of mind required when the conduct is not directed at the insured property.

Penn-Star argues that the Second Department's holding in Fanberg Realty Corp. v. Travelers Cos., 117 A.D.2d 582 (2d Dep't 1986), is dispositive of this appeal.  In Fanberg, the owner of an apartment building sought payment for vandalism under its insurance policy when excavators working on an adjacent building "failed to obtain a proper building permit and removed the main supporting members of the adjacent building," which caused it to collapse and to inflict collateral damage to the plaintiff's building.  Id. at 583.  Without explicating further, the court found that the activities of the excavators working on the adjacent property did not constitute "malicious mischief" within the meaning of the plaintiff's insurance policy and thus denied the plaintiff's claim.  Id. (citing Cresthill, 53 A.D.2d 488).  The magistrate judge's report and recommendation in the instant case, which the district court adopted, interpreted Fanberg as holding that reckless activities conducted on the premises adjacent to the insured property cannot constitute vandalism within the meaning of the plaintiff's insurance policy because such activities do not demonstrate malicious intent towards the insured property.  On this basis, the court denied coverage.

We believe that Fanberg is not dispositive in this appeal, and that New York case law on the circumstances under which activities conducted on adjacent property can constitute vandalism is unclear.  Although the excavators in Fanberg had not obtained the proper permits and caused damage to the insured building through faulty work on an adjacent building, the Fanberg opinion does not discuss whether the excavators had engaged in reckless construction methods or were on

7

notice that their activities were also causing damage to the insured's property. No court in New York has clearly held that a finding of malicious intent is foreclosed simply because the acts of vandalism did not occur on the insured property itself.[4] To the contrary, Fanberg cites an earlier Second Department decision, Cresthill, which found that the act of severing water pipes on the uninsured upper floor of a building, causing damage to the insured ground floor, constituted vandalism for insurance purposes. See Cresthill, 53 A.D.2d at 498-500. Cresthill, however, is distinguishable from the instant case because it involved destructive acts directed against the same building that contained the insured property. As a result, we are not convinced that Fanberg or Cresthill ineluctably controls the outcome in this appeal.

Georgitsi urges us to accept the views articulated by the Sixth Circuit in Louisville & Jefferson County Metropolitan Sewer District v. Travelers Insurance Co., 753 F.2d 533 (6th Cir. 1985), and by the Supreme Court of South Carolina in King v. North River Insurance Co., 297 S.E.2d 637 (S.C. 1982), which examine "malice" in the context of proximate causation and reasonable foreseeability of damage to the insured property. The Louisville & Jefferson court held that, if the act causing damage to the insured property was itself performed willfully, a court may find that vandalism has occurred so long as "there was no intervening act or agency" between the act and the damage to the insured property. 753 F.2d at 537 (citing State Auto. Mut. Ins. Co. v. Trautwein, 414 S.W.2d 587, 589 (Ky. 1967)). The King court similarly held that, for purposes of construing a policy covering acts of vandalism, "it is generally sufficient to prove the event insured

---

[4] In another insurance case involving vandalism, the First Department held that vandalism could only be found where there was "wilful malicious injury to or destruction of the described [insured] property." Halsey Drug Co. v. Am. Mfrs. Mut. Ins. Co., 30 A.D.2d 946, 946 (1st Dep't 1968) (alteration in original). However, Halsey Drug did not involve damage to the insured property arising from actions directed at a different piece of property.

8

against was the *efficient* cause of the loss, even though not the sole cause." King, 297 S.E.2d at 638. While one New York court has cited King with approval, see Roselli, 538 N.Y.S.2d at 899, the New York Court of Appeals appears not to have analyzed this issue. In light of Fanberg, Cresthill, Louisville & Jefferson, and King, we believe there is insufficient clarity about the distinction between causation and the state of mind required to meet the "malice" standard. "Because of that lack of guidance, we must either (1) predict how the New York Court of Appeals would resolve the question, or (2) certify the question to the New York Court of Appeals for a definitive resolution." Amerex Grp., Inc. v. Lexington Ins. Co., 678 F.3d 193, 200 (2d Cir. 2012) (internal quotation marks omitted).

We believe that the few holdings of the lower New York courts do not compel one conclusion over another. On account of the unsettled nature of the question presented in this appeal, we now consider whether certification is warranted.

**III. Certification to the New York Court of Appeals**

New York law and Second Circuit Local Rule 27.2 permit us to certify to the New York Court of Appeals "determinative questions of New York law [that] are involved in a cause pending before [us] for which no controlling precedent of the Court of Appeals exists." N.Y. COMP. CODES R. & REGS. tit. 22, § 500.27(a). "This process provides us with a valuable device for securing prompt and authoritative resolution of questions of state law." Fuentes v. Bd. of Educ., 540 F.3d 145, 151 (2d Cir. 2008) (internal quotation marks omitted).

We have deemed certification appropriate where "there are no clearly applicable precedents" and where "significant policy concerns . . . point in different directions," Baker v. Health Mgmt. Sys., Inc., 264 F.3d 144, 154 (2d Cir. 2001) (internal quotation marks omitted), where "state law is

9

not clear and state courts have had little opportunity to interpret it," and where the result "may significantly impact a highly regulated industry," State Farm Mut. Auto. Ins. Co. v. Mallela, 372 F.3d 500, 505 (2d Cir. 2004) (internal quotation marks omitted). In deciding whether to certify a question, we consider: "(1) the absence of authoritative state court interpretations of [the law in question]; (2) the importance of the issue to the state, and whether the question implicates issues of state public policy; and (3) the capacity of certification to resolve the litigation." Pachter v. Bernard Hodes Grp., Inc., 505 F.3d 129, 131 (2d Cir. 2007) (internal quotation marks omitted). We address each consideration in turn.

*A. Is This an Unsettled Question of New York Law?*

The New York Court of Appeals has not addressed the state of mind required to constitute malice in the context of an insurance policy covering vandalism especially where the act in question was not directed to the covered property. As we have indicated above, the intermediate appellate courts of New York have not adopted a clear and consistent rule that is necessarily predictive of how the New York Court of Appeals would rule. In the absence of a definitive ruling from the New York Court of Appeals, we cannot accept the district court's conclusion that the plaintiff's claim for vandalism insurance coverage fails as a matter of law because the actions that caused the damage to the covered property were directed not at the covered property but at the adjacent property. We believe that the question presented in this appeal is sufficiently unsettled to warrant certification.

*B. Is This an Important Issue of State Law?*

In addition to being unsettled, the issue presented by this appeal is also important. Resolution of this question will help determine the precise boundaries of property insurance policies in New York. As Penn-Star has argued, a ruling that vandalism coverage could include acts not

directed to the covered property could represent a significant expansion of potential liability for insurers. Under a contrary ruling, on the other hand, the recourse of property owners would be limited to the adjacent property owner and its contractors. We believe that questions of this nature involving competing policy concerns are best resolved by the New York Court of Appeals.

### C.    Is the Resolution of the Question Determinative?

The resolution of this unsettled and important issue of state law will determine the outcome of this appeal, and it will help conclude this litigation. See City of Syracuse v. Onondaga Cnty., 464 F.3d 297, 319 (2d Cir. 2006) (emphasizing the importance of whether an issue is dispositive as a factor in assessing whether to certify a question). If the New York Court of Appeals holds that malicious damage may be found to result only from actions directed at the insured property, then the district court's grant of summary judgment to the defendants was proper. If, however, the New York Court of Appeals holds that malicious may be found to result from actions not directed towards the insured property, then we would remand the case to the district court to determine whether the Excavators' actions constituted vandalism within the meaning of the Policy.

## CONCLUSION

We conclude that an unsettled, important, and determinative issue of New York law is central to this case, and thus certification to the New York Court of Appeals is appropriate. Pursuant to Second Circuit Local Rule 27.2 and New York Compilation of Codes, Rules and Regulations, title 22, section 500.27(a), we certify the following question to the New York Court of Appeals:

> For purposes of construing a property insurance policy covering acts of vandalism, may malicious damage be found to result from an act not directed specifically at the covered property? If so, what state of mind is required?

11

The New York Court of Appeals may, of course, reformulate or expand upon this question as it deems appropriate.

It is hereby ORDERED that the Clerk of the Court transmit to the Clerk of the New York Court of Appeals a certificate in the form attached, together with a copy of this opinion and a complete set of briefs, appendices, and record filed by the parties in this Court. This panel will retain jurisdiction to decide the case once we have had the benefit of the views of the New York Court of Appeals or once that court declines to accept certification. Finally, we order the parties to bear equally any fees and costs that may be requested by the New York Court of Appeals.

**CERTIFICATE**

The following question is hereby certified to the New York Court of Appeals pursuant to Second Circuit Local Rule 27.2 and New York Compilation of Codes, Rules and Regulations, title 22, section 500.27(a), as ordered by the United States Court of Appeals for the Second Circuit:

> For purposes of construing a property insurance policy covering acts of vandalism, may malicious damage be found to result from an act not directed specifically at the covered property? If so, what state of mind is required?