11-4444-cv
Georgitsi Realty, LLC v. Penn-Star Ins. Co.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### August Term, 2012

(Argued: October 11, 2012   Question Certified: December 21, 2012
Certified Question Answered: October 17, 2013  Decided: March 12, 2014)

_____

GEORGITSI REALTY, LLC,

    *Plaintiff-Appellant*,

  v.          No. 11-4444-cv

PENN-STAR INSURANCE COMPANY,

    *Defendant-Appellee*.

_____

Before: WALKER, LIVINGSTON, and DRONEY, *Circuit Judges*.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Irizarry, *J.*) granting summary judgment to insurer in suit brought by insured, based on a finding that malicious conduct must be directed at the covered property to fall under the policy's vandalism coverage. In response to a certified question from this Court, the New York Court of Appeals held that, under New York law, malicious damage within the meaning of the policy may result from malicious acts *not* directed at the covered property, and that an insured may establish malice by showing that the vandals exhibited "a conscious and deliberate disregard of the interests of others." *Georgitsi Realty, LLC v. Penn-Star Ins. Co.*, 21 N.Y.3d 606, 608 (2013). Accordingly, the judgment of the district court is VACATED and the matter REMANDED for further proceedings consistent with this opinion.

          JACK S. DWECK, The Dweck Law Firm, LLP,
          New York, New York, *for* Plaintiff-Appellant
          Georgitsi Realty, LLC.

          STEVEN VERVENIOTIS, Miranda Sambursky Slone
          Sklarin Verveniotis LLP, Mineola, New York, *for*

Defendant-Appellee Penn-Star Insurance Company.

PER CURIAM:

Plaintiff-Appellant Georgitsi Realty, LLC, ("Georgitsi") appeals from a judgment of the United States District Court for the Eastern District of New York (Irizarry, *J.*) granting Defendant-Appellee's motion for summary judgment. *Georgitsi Realty, LLC v. Penn Star Ins. Co.*, No. 08-cv-4462 (DLI)(RML), 2011 WL 4889251, at *1 (E.D.N.Y. Sept. 30, 2011). We assume familiarity with the underlying facts and procedural history of this case, which are set forth in our prior opinion filed in this case on December 21, 2012. *Georgitsi Realty, LLC v. Penn-Star Ins. Co.*, 702 F.3d 152, 158 (2d Cir. 2012).

At the time of filing the instant action, Georgitsi owned an apartment building in Brooklyn, New York. The building sustained substantial damage as a result of construction and excavation work performed in building an underground parking lot on the adjacent property. Although Georgitsi complained to the owner of the adjacent property, and acquired numerous "stop work" orders from the New York City Department of Buildings, the construction continued unabated. On December 20, 2007, Georgitsi made a claim under its insurance policy (the "Policy"), issued by Defendant-Appellee Penn-Star Insurance Co. ("Penn-Star"), for damage arising out of the construction. Penn-Star denied the claim, asserting that the damage was not caused by any of the perils for which the Policy provided coverage. Georgitsi then commenced this action against Penn-Star in New York State Supreme Court, Kings County. Penn-Star,

invoking the court's diversity jurisdiction, removed the case to the United States District Court for the Eastern District of New York, and moved for summary judgment.[1]

United States Magistrate Judge Robert M. Levy recommended that the district court grant Penn-Star's motion for summary judgment. *Georgitsi Realty, LLC v. Penn Star Ins. Co.*, No. 08-cv-4462 (DLI)(RML), 2011 WL 4804873 (E.D.N.Y. Aug. 30, 2011). The magistrate judge rejected Georgitsi's contentions that the damage fell into two of the Policy's covered perils—vandalism and sinkhole collapse. *Id.* at *3-4. As to the coverage for vandalism, the magistrate judge noted in his Report & Recommendation ("R&R") that the Policy defined vandalism as "willful and malicious damage to, or destruction of, the described property." *Id.* at *3. The magistrate judge observed that, even if malice could be inferred from the excavators' reckless conduct, this malice would not have been *directed at the insured building*, which the magistrate judge found to be required to qualify for the Policy's vandalism coverage. *Id.* Over Georgitsi's objections to the R&R's conclusions regarding the vandalism coverage, the district court adopted the magistrate judge's recommendations. 2011 WL 4889251, at *1. The district court found that, because "Plaintiff does not allege that the adjacent property owner or excavator acted with deliberate intent to damage or destroy *the Building*, . . . under the undisputed facts of the instant action and clear language of the Policy, Plaintiff is not entitled to coverage under the vandalism provision of the Policy." *Id.* at *2 (emphasis original).

On appeal, we found that the New York Court of Appeals had not resolved the question of whether an act must be directed at the policyholder's property to fall under

[1] Georgitsi also brought an action against Amory Plaza, the owner of the adjacent site, and the excavators in New York State Supreme Court, Kings County.

this type of an insurance policy's coverage for vandalism. 702 F.3d at 158. Accordingly, under Second Circuit Local Rule 27.2 and title 22, section 500.27(a), of the New York Compilation of Codes, Rules and Regulations, we certified two questions to the New York Court of Appeals:

> For purposes of construing a property insurance policy covering acts of vandalism, may malicious damage be found to result from an act not directed specifically at the covered property? If so, what state of mind is required?

*Id.* at 159.

The New York Court of Appeals answered our first question in the affirmative, stating that "malicious damage within the coverage of such a policy may be found to result from acts not directed specifically at the covered property." 21 N.Y.3d 606, 608 (2013). As to our second question, the Court of Appeals stated that "to obtain coverage under such a policy the insured must show malice, defined as such a conscious and deliberate disregard of the interests of others that the conduct in question may be called willful or wanton." *Id.* at 608.

Accordingly, we VACATE the judgment of the district court and REMAND the matter to the district court for further proceedings consistent with this opinion and with the opinion of the Court of Appeals. We thank the New York Court of Appeals for its assistance in resolving this question of New York law.[2]

---

[2] After the New York Court of Appeals' decision, the parties cross-moved for summary judgment before this Court. We deny these motions without prejudice.