25-860
*Davis v. Odn I Gmbh*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of November, two thousand twenty-five.

PRESENT:
> PIERRE N. LEVAL,
> BARRINGTON D. PARKER,
> RICHARD J. SULLIVAN,
> *Circuit Judges*.

---

EUGENE DAVIS,

> *Plaintiff-Appellant*,

> v.                                          No. 25-860

ODN I GMBH, ODEBRECHT DRILLING NORBE
SIX GMBH, ODN TAY IV GMBH, ODEBRECHT
DRILLING NORBE EIGHT GMBH, ODEBRECHT
DRILLING NORBE NINE GMBH, ODEBRECHT
OFFSHORE DRILLING FINANCE LIMITED,
ODEBRECHT DRILLING NORBE VIII IX LTD,

OCYAN SA, f.k.a. ODEBRECHT OLEO E GAS S.A., DRILLCO HOLDING LUX S.A., FORESEA HOLDING SA, CONTRARIAN CAPITAL MANAGEMENT, LLC, JOSHUA WEISSER,

*Defendants-Appellees.*

| | |
|---|---|
| **For Plaintiff-Appellant:** | MARK N. PARRY (Zaid Shukri *on the brief*), Moses & Singer LLP, New York, NY. |
| **For Defendants-Appellees Contrarian Capital Management, LLC and Joshua Weisser:** | JUSTIN M. ELLIS (Joshua D. Bloom *on the brief*), MoloLamken LLP, New York, NY. |
| **For all other Defendants-Appellees:** | ELLIOT MOSKOWITZ, Davis Polk & Wardwell LLP, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Margaret M. Garnett, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 31, 2025 judgment of the district court is **AFFIRMED**.

Eugene Davis appeals from a judgment dismissing his claims for breach of the duty of good faith and fair dealing, tortious interference with contract, and breach of contract against various defendants related to the debt restructuring of

a Brazilian oil and gas conglomerate and its affiliated entities. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, but we provide a brief summary of the parties and claims in light of the sheer number of defendants and the complicated nature of the transactions underlying this dispute.

## I.    Background

In 2017, various entities affiliated with the Brazilian energy company Odebrecht (together, the "OOG Defendants")[1] issued two tranches of secured notes under two indentures. J. App'x at 15, 51, 230. Those indentures gave the beneficial holders of the notes (the "Noteholders") the power "to appoint a Creditor Representative to represent their interests." Sp. App'x at 2; J. App'x at 127, 308. Exercising that right, the Noteholders appointed Davis to serve as Creditor Representative, and on December 22, 2017, Davis entered into an engagement letter with the OOG Defendants. J. App'x at 40–42. The engagement letter, which is governed by New York Law, provided Davis with

---

[1] The OOG Defendants include ODN I GmbH, Odebrecht Drilling Norbe Six GmbH; ODN Tay IV GmbH; Odebrecht Drilling Norbe Eight GmbH; Odebrecht Drilling Norbe Nine GmbH; Odebrecht Offshore Drilling Finance Limited; Odebrecht Drilling Norbe VIII/IX Ltd.; Ocyan S.A. f/k/a Odebrecht Oleo e Gas S.A.; and their successors, DrillCo Holding Lux S.A., and Foresea Holding S.A.

periodic payments and reimbursement of certain expenses "unless or until [Davis's] resignation or removal becomes effective." *Davis v. Odn I Gmbh*, 24-cv-1463, 2025 WL 964891, at *2 (S.D.N.Y. Mar. 31, 2025) (quoting J. App'x at 34). In addition to monthly fees, the engagement letter also provided Davis with a bonus payment due upon a "Principal Reduction," defined by the letter as a reduction to the outstanding principal amounts owed under the Tranche 2 notes. J. App'x at 34–35. The engagement letter incorporated the Indentures's provision that Davis could be removed as Creditor Representative "at any time," *id.* at 129, 310, by Noteholders with at least 50% "of the aggregate outstanding principal amount of Tranche 1 notes," Sp. App'x at 3; *see also* J. App'x at 34 ("This Agreement, and the appointment of the Creditor Representative, . . . shall remain effective until the removal or resignation of the Creditor Representative, in accordance with the Indentures.").

In September 2021, a majority of the Noteholders exercised their right to remove Davis as Creditor Representative. Nearly two years later, "a Principal Reduction occurred" due to a debt restructuring. J. App'x at 19, 23; *Davis*, 2025 WL 964891, at *2. In light of the Principal Reduction, Davis demanded payment of his bonus and reimbursement for various expenses incurred after his

termination. J. App'x at 20–22. When the OOG Defendants refused, he commenced this action in the Southern District of New York, seeking damages for breach of contract relating to the bonus payment, breach of the covenant of good faith and fair dealing, and breach of contract for the reimbursable expenses incurred after his termination against the OOG Defendants. *See id.* at 16, 23, 25. Davis also brought a tortious interference with contract claim against Contrarian Capital Management, LLC ("Contrarian") and Joshua Weisser (together with Contrarian, the "Investor Defendants"), who were some, but not a majority, of the Noteholders. In essence, Davis alleged the Investor Defendants initially threatened him and later caused the OOG Defendants to remove him as Creditor Representative to prevent him from receiving the bonus he would have earned for the Principal Reduction. The district court dismissed all of Davis's claims. Davis timely appealed, but challenges only the dismissal of his claims for breach of the covenant of good faith and fair dealing, tortious interference with contract, and breach of contract relating to the reimbursement of expenses.

## II. Standard of Review

We review *de novo* a district court's dismissal of a complaint under Rule 12(b)(6), "accepting the allegations in the complaint as true and drawing all

5

reasonable inferences in favor of the plaintiff." *Palmer v. Amazon.com, Inc.*, 51 F.4th 491, 503 (2d Cir. 2022). And under this standard, we are free to "affirm on any basis supported by the record." *Coulter v. Morgan Stanley & Co. Inc.*, 753 F.3d 361, 366 (2d Cir. 2014). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which would "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[,]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.    Discussion

#### A.    Breach of the Duty of Good Faith and Fair Dealing

We affirm the district court's dismissal of Davis's claim against the OOG Defendants for breach of the duty of good faith and fair dealing, but for a reason different from those set forth in the order on appeal: namely, that Davis failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). Although Davis alleges that his "termination as Creditor Representative was in breach of the OOG Defendants' collective duty of good faith and fair dealing[,]" J. App'x at 23, both the engagement letter and Indentures make clear that Davis could be removed "at any time" as Creditor Representative by a majority of the Noteholders, *id.* at 129

(2021 Indenture), 310 (2022 Indenture); *see also id.* at 34 (engagement letter incorporating terms of indenture). The OOG Defendants thus had no obligation to dissuade or defy the Noteholders when they opted to remove Davis as Creditor Representative. *See id.* at 23. On this point, New York law is clear: we may not, under the guise of the duty of good faith and fair dealing, "impose an obligation that is inconsistent with express contractual terms." *In Touch Concepts, Inc. v. Cellco P'ship*, 788 F.3d 98, 102 (2d Cir. 2015); *see also Murphy v. Am. Home Prods. Corp.*, 58 N.Y.2d 293, 305 (1983) ("The parties may by express agreement limit or restrict the employer's right of discharge, but to imply such a limitation from the existence of an unrestricted right would be internally inconsistent.").

We therefore conclude that Davis failed to state a claim for breach of the duty of good faith and fair dealing.

### B.    Tortious Interference with Contract

Davis also challenges the district court's dismissal of his claim for tortious interference with contract against the Investor Defendants for allegedly inducing the OOG Defendants to terminate him without paying the incentive fee. J. App'x

7

at 25–26.[2]   Again, we are not persuaded.

"Under New York law, the elements of tortious interference with contract are (1) the existence of a valid contract between the plaintiff and a third party; (2) the defendant's knowledge of the contract; (3) the defendant's intentional procurement of the third[]party's breach of the contract without justification; (4) actual breach of the contract; and (5) damages resulting therefrom."  *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 401 (2d Cir. 2006) (internal quotation marks omitted).   But as the district court correctly concluded, Davis failed to allege an actual breach of the engagement letter, which expressly permitted the Noteholders to terminate Davis at any time and further provided that Davis would not be entitled to an incentive fee for a post-termination Principal Reduction.   Sp. App'x at 6; *see also Jack L. Inselman & Co., Inc. v. FNB Fin. Co.*, 41 N.Y.2d 1078, 1080 (1977) ("In order for the plaintiff to have a cause of action for tortious interference of contract, it is axiomatic that there must be a breach of that contract by the other party . . . .").   Davis's failure to allege, much less plausibly show, an "actual breach of the contract" thus dooms his claim.   *Kirch*, 449 F.3d at 401; J. App'x at 25–26. We therefore see no error in the district court's dismissal of this claim.

---

[2] Initially, Davis brought two claims for tortious interference, but Davis does not appeal the dismissal of the claim asserted in Count Three of the amended complaint.   *See* Davis Br. at 42.

8

### C. Breach of Contract for Reimbursable Expenses

Finally, Davis claims that the district court improperly dismissed his claims for breach of contract against the OOG Defendants for failing to reimburse him for "fees and expenses, including attorneys' fees, incurred by Davis" in 2023 and 2024. J. App'x at 21–22. But this claim is squarely foreclosed by the engagement letter's express terms, which provide that the whole agreement terminated upon Davis's removal as Creditor Representative. *See id.* at 34 (providing that "[t]his Agreement . . . shall remain effective until the removal or resignation of the Creditor Representative"). Although it is true that other provisions of the engagement letter included a survival clause, *see Davis*, 2025 WL 964891, at *4 (citing sections eight, nine, and ten of the engagement letter), section five – which deals with expenses and reimbursements – contains no such survival language. J. App'x at 35. Because the parties to the contract clearly understood how to create a survival clause when they deemed it appropriate, it is not for us to rewrite section five to include such a provision nearly eight years after the contract was executed. *See Georgitsi Realty, LLC v. Penn-Star Ins. Co.*, 702 F.3d 152, 155 (2d Cir. 2012) ("[C]ourt[s] 'may not write into a contract conditions the parties did not insert by adding or excising terms under the guise of construction, nor may it

9

construe the language in such a way as would distort the contract's apparent meaning.'" (quoting *In re Matco-Norca, Inc.*, 802 N.Y.S.2d 707, 709 (2d Dep't 2005))); *see also Brown v. Health Care & Ret. Corp. of Am.*, 25 F.3d 90, 92–93 (2d Cir. 1994) (concluding that "the parties intended to draw a distinction" where one provision of a contract contained and another provision omitted certain defined terms).   We therefore agree with the district court that Davis failed to state a claim for breach of contract as to the reimbursement of expenses.

*     *     *

We have considered Davis's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court